should be apportioned according to the extent and value of the services rendered for each estate, respectively, which may be done upon the settlement of the decree, at which time counsel may be heard thereon. The other item, of $100, sought to be charged for services of this bookkeeper, must be disposed of upon the taxation and adjustment of the costs of this proceeding, as such services were rendered in preparing the accounts rendered in this proceeding.

The stipulation entered into upon the hearing on April 8, 1892, disposes of the $1,250 item for counsel and attorneys' charges, and the same may stand disposed of in accordance therewith.

Let a decree be presented for settlement and entry in accordance with the conclusions above set forth, costs to each party to be adjusted and inserted in the decree, payable out of the estate.

---

(4 Misc. Rep. 626; mem. report without opinion.)

APPEL et al. v. BROOKS.

(City Court of New York, General Term. June 28, 1893.)

JUDGMENT BY DEFAULT AGAINST INFANT—REMEDY.

    A judgment by default will not be vacated on the ground that defendant was an infant at the time the judgment was rendered, but the defense of infancy can be interposed in such case only after procuring an order opening the default, and allowing defendant to plead.

Appeal from special term.

Action by Jacob Appel, Gerson J. Newwitter, Myron J. Furst, and Daniel Speyer against Solomon Brooks and Aaron Brooks to recover $798.79, with interest, for goods sold and delivered to defendants. From an order denying the motion of defendant Aaron Brooks to vacate and to set aside the judgment entered herein against him by default, and to declare null and void all the proceedings had, said Aaron Brooks appeals. Affirmed.

Mr. Justice McCARTHY filed the following opinion at special term:

    This is not a motion to open a default, and allow the defendant to come in and defend, but it is to vacate and set aside a judgment and execution taken by default on the ground that the defendant was not twenty-one years of age at the time of said judgment and execution, and that, therefore, they are null and void. There is nothing in this contention. The question of infancy can only be raised after the default is opened, and the defendant allowed to plead. There may be reason why the default should be opened so as to allow it to be pleaded, but the defendant does not ask for this relief. Motion is denied, with ten ($10) dollars costs.

Argued before VAN WYCK and FITZSIMONS, JJ.

Otto I. Wise, for appellant.

George W. Galinger, for respondents.

FITZSIMONS, J. Order affirmed, upon the opinion of the special term justice, with costs.